**UNITED STATES DISTRICT COURT**
**DISTRICT OF MINNESOTA**

---

This Document Relates to:


Civil No. 16-02066 (JRT/LIB)
*Lonergan v. Ludeman et al.*

Civil No. 16-02092 (JRT/LIB)
*Hogy v. Ludeman et al.*

Civil No. 16-02190 (JRT/LIB)
*Branson v. Piper et al.*

Civil No. 16-02191 (JRT/LIB)
*Foster v. Ludeman et al.*

Civil No. 16-02241 (JRT/LIB)
*Allan v. Ludeman et al.*

Civil No. 16-02237 (JRT/LIB)
*Stevens v. Ludeman et al.*

Civil No. 16-02592 (JRT/LIB)
*Hammermeister v. Ludeman et al.*

Civil No. 16-02604 (JRT/LIB)
*Hand v. Ludeman et al.*

Civil No. 16-02091 (JRT/LIB)
*Karsjens v. Ludeman et al.*

**MEMORANDUM OPINION AND ORDER DENYING PLAINTIFFS' APPLICATIONS TO PROCEED IN FORMA PAUPERIS ON APPEAL**

---

Peter Allan, Sr., Terry Lee Branson, Bradley Wayne Foster, Kenneth Donald Hand,

Randy Earl Hammermeister, Steven Merrill Hogy, Kevin Scott Karsjens, Peter Gerard

Lonergan, and Brad Ronald Stevens (together, "Plaintiffs") are all patients in the Minnesota Sex Offender Program (MSOP) who claim they have been unlawfully treated by the MSOP.  The Court dismissed their claims on remand from the Eighth Circuit after finding that they were barred by issue preclusion.  The Plaintiffs have jointly appealed the dismissal of their claims to the Eighth Circuit and have each individually applied to proceed *in forma pauperis* ("IFP") on appeal.  Because the Court finds that their appeal is frivolous, the Court will deny the Plaintiffs' applications for IFP status.

## BACKGROUND

The Court has detailed the complex history of this and related cases in previous orders and incorporates these orders by reference herein.[1]  Thus the Court will provide an abbreviated background here.

The Plaintiffs in these cases are all patients in the Minnesota Sex Offender Program ("MSOP").  They each claimed that the conditions and policies of the MSOP violated their constitutional rights.  The Court dismissed their cases in part because their claims were barred by issue preclusion in light of *Karsjens v. Piper,* 336 F. Supp. 3d 974 (D. Minn. 2018) ("*Karsjens* 2018") *aff'd in part, vacated in part, remanded sub nom. Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021).  The Eighth Circuit subsequently vacated *Karsjens* 2018—

---

[1] *See, e.g., Lonergan v. Ludeman,* No. 16-2066, 2019 WL 1324863, at *1 (D. Minn. Mar. 25, 2019) *aff'd in part, rev'd in part and remanded sub nom.*

the case that was the basis for the Court's issue preclusion order—after it concluded that the district court had applied the wrong legal standard. *See Karsjens v. Lourey*, 988 F.3d 1047 (8th Cir. 2021), *cert. denied*, 211 L. Ed. 2d 102, 142 S. Ct. 232 (2021) ("*Karsjens II*").[2]

Each Plaintiff in this case appealed the dismissal of their case. The cases were then consolidated on appeal, and the Eighth Circuit reversed the dismissal of the claims in light of *Karsjens II*. *See Branson v. Piper*, No. 19-1956, 2022 WL 302610, at *1 (8th Cir. Feb. 2, 2022). The Eighth Circuit remanded with instructions to stay the matter pending disposition in *Karsjens*. *Id.*

On remand, the *Karsjens* district court reached the same outcome as it had in 2018. *Compare Karsjens* 2018, 336 F. Supp. 3d at 984–88, *with Karsjens v. Harpstead*, No. 11-3659, 2022 WL 542467, at *6–7 (D. Minn. Feb. 23, 2022). As mandated by the Eighth Circuit, the Court then considered the final holding in *Karsjens* and found that collateral estoppel still barred the Plaintiffs' complaints.[3]

The Plaintiffs have again appealed the Court's decision. (*See* Case No. 16-2066, Joint Notice of Appeal, Jan. 25, 2023, Docket No. 108.) Each Plaintiff was previously

_____

[2] This decision has been referred to as *Karsjens II* because it is the second Eighth Circuit appeal and opinion arising from the *Karsjens* class litigation. *See also Karsjens v. Piper,* 845 F.3d 394, 498 (8th Cir. 2017) ("*Karsjens I*").

[3] *See Lonergan v. Ludeman et al.,* Case Nos. 16-2066 et al., 2022 WL 18493117, at *2 (D. Minn. Dec. 30, 2022) (dismissing consolidated cases).

granted IFP status on appeal by the Court,[4] and each Plaintiff now again asks to proceed *in forma pauperis* on appeal.[5]  The Court will consider their requests.

## DISCUSSION

A litigant who seeks to be excused from paying the filing fee for an appeal in a federal case may apply for IFP status under 28 U.S.C. § 1915.  The *in forma pauperis* statute has been applied to prisoner and non-prisoner cases alike.  *See Nichole K. v. Commissioner of Social Security*, No. 19-1662, 2019 WL 3037087, at *1 n.1 (D. Minn. July 11, 2019).  To qualify for IFP status, the litigant must demonstrate that they cannot afford to pay the full filing fee.  28 U.S.C. § 1915(a)(1).

Even if a litigant is found to be indigent, however, IFP status will be denied if the Court finds that the litigant's appeal is not taken in good faith.  *Id*. § 1915(a)(3).  An appeal is taken in good faith when the party seeking review presents nonfrivolous issues. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).  This is judged by an objective standard and not by the appellant's subjective point of view.  *Id.*  An appeal is frivolous

---

[4](Case No. 16-2241, Docket Nos. 5, 84; Case No. 16-2190, Docket No. 7; Case No. 16-2191, Docket No. 89; Case No. 16-2604, Docket No. 84; Case No. 16-2592, Docket No. 91; Case No. 16-2092, Docket No. 94; Case No. 16-2091, Docket No. 105; Case No. 16-2066, Docket No. 100; Case No. 16-2237, Docket No. 106.)

[5] (Case No. 16-2241, Docket No. 92; Case No. 16-2190, Docket No. 109; Case No. 16-2191, Docket No. 97; Case No. 16-2604, Docket No. 93; Case No. 16-2592, Docket No. 99; Case No. 16-2092, Docket No. 102; Case No. 16-2091, Docket No. 113; Case No. 16-2066, Docket No. 109; Case No. 16-2237, Docket No. 114.)

"where it lacks an arguable basis either in law or in fact."  *Neitzke v. Williams*, 490 U.S. 319, 325 (1989); *Martin v. MPLS Sch. Dist. No. 1*, No. 14-4462, 2015 WL 1020845, at *1 (D. Minn. Mar. 9, 2015).

Here, because the Court finds that their appeal is frivolous, it is not taken in good faith and the Court must deny their applications.  The Plaintiffs present no arguments for the Eighth Circuit to consider.  The Plaintiffs identify no facts or findings that the Court erroneously determined.  And the Plaintiffs advance no basis for the Court's supposed legal error.  The Plaintiffs only state "The court erred in it's [sic] analysis, in finding issue preclusion." (Joint Notice of Appeal at 2.)  This is the full extent of their appeal.  The Court will therefore exercise its discretion to deem this appeal to be frivolous and deny the Plaintiffs' requests for IFP status.  *See Denton v. Hernandez*, 504 U.S. 25, 33–34 (1992) (finding that "frivolousness is a decision entrusted to the discretion of the court entertaining the *in forma pauperis* petition").

**ORDER**

Based on the foregoing, and all the files, records, and proceedings herein, **IT IS HEREBY ORDERED** that Plaintiffs' Petitions to Proceed In Forma Pauperis on Appeal [Case No. 16-2241, Docket No. 92; Case No. 16-2190, Docket No. 109; Case No. 16-2191, Docket No. 97; Case No. 16-2604, Docket No. 93; Case No. 16-2592, Docket No. 99; Case No. 16-

2092, Docket No. 102; Case No. 16-2091, Docket No. 113; Case No. 16-2066, Docket No. 109; Case No. 16-2237, Docket No. 114] are **DENIED**.


DATED:  February 13, 2023
at Minneapolis, Minnesota.

JOHN R. TUNHEIM
United States District Judge